EASTERN DIST.
January, 1852.
BERTOL'S HEIRS
vs.
TANNER.

BERTOL ET ALS. vs. TANNER.

APPEAL FROM THE COURT OF THE SECOND DISTRICT, THE JUDGE OF THE
FOURTH PRESIDING.

In an action to rescind the sale of a tract of land on the ground of lesion,
the defendant will be permitted to prove the fluctuations in price to which
landed property in the same section of country was subject at the time of
the sale ; and the plaintiff may give evidence of the price for which the
tract in dispute was sold by the defendant.

This suit was brought to set aside the sale of a tract of land
made to the defendant by the plaintiffs' ancestor, on the
ground of fraud and lesion. The general issue was pleaded,
and on the trial of the cause the plaintiffs (for the purpose of
showing the value of the land and establishing the lesion
complained of) offered in evidence a copy of a sale, made by
the defendant of the land in dispute. The court rejected the
testimony, and the plaintiffs excepted. The defendant then
offered in evidence copies of sales made in the same section of
country, for the purpose of showing the price of lands. To
the introduction of this testimony the plaintiffs objected on
the ground, that it was the *value* of the land in dispute at the
time of the sale, and not the price of other land, which was
in issue between the parties. The court received the evi-
dence, and the plaintiff excepted. There was a verdict and
judgment for the defendant, and the plaintiff appealed.

*Cannon*, for appellants.　*Porter*, for appellee.

*Porter*, *J*. delivered the opinion of the court.

This is an action to set aside a sale of the right of the
plaintiffs' ancestor to a tract of land. The grounds of re-
scission alleged, are fraud and lesion. The cause was sub-
mitted to a jury in the court of the first instance, who found
for the defendant. The plaintiffs appealed.

On the trial, the defendant offered in evidence sales made
in different parts of the same section of the state, to show the
fluctuations in price to which landed property was then

subject. This evidence was objected to, but admitted, and we think correctly by the judge *a quo*. On the plaintiffs, however, offering a copy of the sale made by the defendant of the tract in dispute, some months after he purchased it, the defendant objected to its introduction, and the court sustained the objection. In this we think the court erred. The evidence, as was argued, is by no means conclusive as to the value of the property at the time the defendant purchased, but it is evidence of a difference in value of which the plaintiffs should not have been deprived, and of the weight due to which, the jury were to judge.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed: And it is further ordered and decreed, that this case be remanded to the District Court, with directions to the judge not to reject evidence offered by the plaintiffs of the price at which the defendant sold the premises: And it is further ordered, that the appellees pay the costs of this appeal.

*Eastern Dist.*
*January, 1832.*

In an action to rescind the sale of a tract of land on the ground of lesion, the defendant will be permitted to prove the fluctuations in price to which landed property in the same section of country was subject at the time of the sale ; and the plaintiff may give evidence of the price for which the tract in dispute was sold by the defendant.